UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATACHA NOBILE,

                    Plaintiff,

-against-

JOE BIDEN; VICE PRESIDENT HARRIS AND ADMINISTRATION,

                    Defendants.

1:23-CV-6997 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Natacha Nobile, who appears *pro se*, filed this action against: (1) the President of the United States, Joseph R. Biden, Jr.; (2) the Vice President of the United States, Kamala D. Harris; as well as (3) the "Administration," which the Court understands to be the United States of America. She seeks damages and injunctive relief. By order dated August 9, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. On August 18, 2023, Plaintiff filed a motion for "an order of writ and petition," and a declaration in support of that motion. (ECF 4 & 5.) For the reasons discussed below, the Court dismisses this action and denies the motion as moot.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

In her complaint, Plaintiff invokes the court's federal question jurisdiction and states the following with regard to the bases for such jurisdiction: "uncivilized death threats, war crime, prop[a]gations and spot agreements. Plus confessions of [d]eath threats, (knowing I am not a terrorist). Confessions: 'is she dead yet,' 'Don[']t worry guys we'll get her tonight) All [r]ights violated against [d]efendants [*sic*]."

Plaintiff alleges the following in her complaint's statement claim:

> I[']m Natacha Nobile have been having death threats from Joe Biden and Vice President Harris and [the] Administration. For 4 years now, I do not accept any [d]eath threats at [a]ll [d]ay or [n]ight. He and Vice President Harris waged a war for no good reason in Oct. 2021 and [l]ost. He was waging abusive, slander [d]e[f]amations, uncivilized death threats for no good reason, I went to his page once congratulated him, for the election as I am a [D]emocrat. Then [b]ecause of lies of Paris Hilton and a terrorist . . . London UK he thought without proof or evidence that I was a terrorist which he took off of my record [b]ecause – Also they have been involved with Mafia scapegoaters and Mafia – with Mafia celebs he knows and Administration knows Paris Hilton is a liar. I am a scientist researcher, [a]ctress on strike model in [e]ntertainment. For 1 year its been a strike no work as much, so I became an Aero Mog[u]l (CEO Mog[u]l of Airlines). In network, business chat, I am innocent of cyber/to it's [foreign] from they tried to [r]ob commissions they have gone to seat [and] Kirby in secret/to United Airways not to pay commisio[n]s. [*sic*]

(ECF 1, at 5-6.)

She states that she has suffered the following injuries:

> I have had[,] [d]eath threats!! not my to me [b]ut to my innocent [b]rother Anthony who is [an epileptic], and they waged a war that they lost 10/21. Ever since they know they lost they've been "dismantling cyber [h]its, scapegoating invasions of privacy threat, [t]reason." [*sic*]

(*Id.* at 6.)

Plaintiff seeks the following relief:

I want [a]ll plus 20 [b]illion and [d]ouble for the trouble for . . . my [i]nnocent [b]rother. – plus confessions, they been taking codes of silence on the internet. I can show proof I [a]m well with Northwell Medical wins on nonmental illness and a Supreme Court win Dec. 2023 and Summer 2022. [*sic*]

(*Id.*)

In her motion, Plaintiff seeks:

an order of writ and petition against Joe Biden and Administration against all kissing, [b]rib[e]ries, and veto[e]s and excessive military curses, [l]obotomy attacks and cyber [h]its he's been doing for 4 years. I ask for veto . . . removals of Joe Biden[']s nosy meddling in my laws . . . plus "cut offs" Joe Biden tried to do sonal isolation. [*sic*]

(ECF 4-1, at 1.) In her supporting declaration, she states that:

Joe Biden has been abusing his presidency with death threats tweets and[] military curses[] profanity . . . in silence codes and abusing criminally been a confessed criminal of crimes and said profanity against may life with many people war mongering. Treasons, disrupting due information. Trying to get me on [l]iving my life, [b]usiness fraud, of not paying me my commissions and my United Airways capital venture with the Justice Dept. I introduced us to. I created me being due Aero Mogul to [r]eceive my [l]ively [h]ood, my money my commissions [h]ighly paid. He's been doing a [h]eist terro[r]ism. [*sic*]

(ECF 5, at 1-3.)[1]

## DISCUSSION

**A.    Plaintiff's claims on behalf of her brother**

To the extent that Plaintiff asserts claims on behalf of her brother, the Court must dismiss those claims. The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s]

---

[1] On August 22, 2023, Plaintiff filed a letter with similar allegations. (ECF 6.) On October 2, 2023, Plaintiff filed a letter in this action and in other *pro se* actions that she has brought to the court, accusing President Biden and former Presidents Trump and Obama of committing crimes and of carrying out terrorism. (ECF 7.) The construes those letters as supplements to Plaintiff's other submissions in this action, and the Court understands Plaintiff's allegations in her second supplement (*id.*) as asserting claims, in this action, only against President Biden.

two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). A nonlawyer cannot bring suit on behalf of another person. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).

Plaintiff does not allege that she is an attorney. Thus, to the extent that Plaintiff asserts claims on behalf of her brother, the Court dismisses those claims without prejudice.

**B.    Plaintiff's claims brought on her own behalf**

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible. . . ." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating a claim is frivolous when it "lacks an arguable basis either in law or in fact"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

To the extent that the Court can understand Plaintiff's submissions, Plaintiff's claims brought on her own behalf are premised on her beliefs that President Biden, Vice President

Harris, the United States of America, at least one airline, and celebrities, such as Paris Hilton, have acted in concert to violate her rights by, among other things, making death threats, labeling her as a terrorist, and interfering with her business. However, a "[p]laintiff's beliefs − however strongly [s]he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802, 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for her assertions that she is a victim of a broad conspiracy perpetrated by President Biden, Vice President Harris, the United States of America, an airline, and various celebrities. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414, 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing a basis for information and belief).

The Court finds that Plaintiff does not provide any plausible factual support for her own claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff has provided the court with allegations that she believes to be true − that she is a victim of a broad conspiracy perpetrated by the defendants and others to threaten, harm, and defame her – but that are implausible. Plaintiff has pleaded no factual predicate in support of her assertions; therefore, the allegations amount to conclusory claims and suspicions, and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, Nos. 17-CV-2652, 17-CV-5458, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of

and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible").

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the claims that she raises on her own behalf as frivolous. *See* § 1915(e)(2)(B)(i).

## CONCLUSION

The Court dismisses this action and denies Plaintiff's motion (ECF 4) as moot. The Court dismisses Plaintiff's claims that she asserts on behalf of her brother without prejudice. The Court dismisses Plaintiff's claims that she asserts on her own behalf as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

 Dated:   October 11, 2023
          New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                          Chief United States District Judge