UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATACHA NOBILE,

             Plaintiff,

-against-                             1:23-CV-6997 (LTS)

JOE BIDEN; VICE PRESIDENT HARRIS AND      ORDER
ADMINISTRATION,

             Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order and judgment dated and entered on October 11, 2023, the Court dismissed this *pro se* action. (ECF 8 & 9.) The Court dismissed Plaintiff's claims raised on behalf of her brother without prejudice; Plaintiff's remaining claims against the President of the United States, the Vice President of the United States, and the United States of America that she raised on her own behalf were dismissed as frivolous. (ECF 8.) Seven days later, on October 18, 2023, Plaintiff filed a letter in which she states that she is:

> adding to this case to get an order of writ of petition to get services on and all things [she] want[s] on and would want on he was doing "cut offs" for four years he is a terro[r]ist, terro[r]ism, harass[ments,] bribing and rigging the elections, with eating paper with writings on it he's too old. [H]e's too old to do crime at any age. [H]e did airline business fraud crimes with United Airways not want only to pay [her] commissions. [*sic*]

(ECF 10.) On October 23, 2023, Plaintiff filed a motion in which she appears to offer the Court 70% of the proceeds that she would have collected, if she had been successful with this action – an action that the Court had already dismissed. (ECF 11.) On that same date, Plaintiff also filed a notice of appeal and an application to appeal *in forma pauperis* ("IFP"). (ECF 12.)

The Court construes Plaintiff's letter (ECF 10) and motion (ECF 11) as one motion seeking reconsideration, under Local Civil Rule 6.3, and also seeking to alter or amend a judgment, under Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)").

For the reasons discussed below, the denies Plaintiff's motion and her application to appeal IFP.

## DISCUSSION

**A.     Jurisdiction**

Because Plaintiff has filed a notice of appeal, the Court must address whether it has jurisdiction to consider her motion for relief under Local Civil Rule 6.3 and Rule 59(e). Under Rule 4(a)(1)(B)(i), (iii), and (iv) of the Federal Rules of Appellate Procedure, when at least one of the parties in a civil action is either the United States of America, a federal officer or employee sued in his or her official capacity, or a current or former federal officer or employee "sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf," a notice of appeal in that action must be filed within 60 days after entry of the judgment or order being appealed from. Fed. R. App. P. 4(a)(1)(B)(i), (iii), (iv). "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Under Rule 4(a)(4) of the Federal Rules of Appellate Procedure, however, if a party files, among other types of motions, a timely motion to alter or amend a judgment under Rule 59(e), the time to file a notice of appeal runs from the entry of the order disposing that Rule 59(e) motion. *See* Fed. R. App. P. 4(a)(4)(A)(iv). If a party files a notice of appeal before the district court disposes of that motion, then the notice of appeal does not become "effective" until after the district court rules on that motion. *See* Fed. R. App. P. 4(a)(4)(B)(i).

2

Because the Clerk of Court entered the order and judgment dismissing this action on October 11, 2023, Plaintiff has 28 days from that date, or until November 8, 2023, to file a timely Rule 59(e) motion. *See* Fed. R. Civ. P. 59(e). Plaintiff filed her letter on October 18, 2023, and her subsequently filed motion on October 23, 2023. Thus, Plaintiff's Rule 59(e) motion is timely.[1] Accordingly, the Court has jurisdiction to consider Plaintiff's Rule 59(e) motion, though Plaintiff subsequently filed a notice of appeal.[2] *See* Fed. R. App. P. 4(a)(4)(B)(iv); *Pena v. Downstate Corr. Facility Med. Dep't*, No. 1:19-CV-7336, 2019 WL 6619353, at *1 (S.D.N.Y. Dec. 4, 2019) ("Because the [Rule 59(e)] motion is timely filed and was not disposed of when Plaintiff subsequently filed his notice of appeal, under Rule 4 of the Federal Rules of Appellate Procedure, this Court has jurisdiction to rule on the motion."); *see also Hertzner v. Henderson*, 292 F.3d 302, 303 (2d Cir. 2002) ("[T]he suspension of the effectiveness of the notice of appeal precluded [the Court of Appeals's] jurisdiction to adjudicate the merits of the appeal.").

**B.     Relief under Rule 59(e) and Local Civil Rule 6.3**

A party who moves to alter or amend a judgment under Rule 59(e), or seeks reconsideration under Local Civil Rule 6.3, must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 508-09 (S.D.N.Y. 2009) (noting that the standards for motions

---

[1] Plaintiff had 14 days from the date of entry of the judgment, or until October 25, 2023, to file a timely motion for reconsideration. *See* Local Civil Rule 6.3. Because Plaintiff filed her letter on October 18, 2023, and her subsequently filed motion on October 23, 2023, Plaintiff's submissions, which the court has construed, in part, as a motion for reconsideration, are timely inasmuch as Plaintiff seeks reconsideration.

[2] Plaintiff named as defendants (1) Joseph R. Biden, Jr., the President of the United States; (2) Kamala D. Harris, the Vice President of the United States; and (3) the "Administration," which the Court understood to be the United States of America. (ECF 8, at 1.) Thus, she has 60 days from the entry of this order to file a notice of appeal. *See* Fed. R. App. P. 4(a)(1)(B)(i), (iii), (iv), (4)(A)(iv). Since Plaintiff filed her notice of appeal on October 23, 2023, it is also timely filed, but will not take effect until entry of this order. *See id.*

under Rule 59(e) and for motions for reconsideration under Local Civil Rule 6.3 are the same). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) (Such a motion "is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which [a] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.") (internal quotation mark and citations omitted).

Plaintiff does not demonstrate that the Court has overlooked any controlling decisions or factual matters with respect to its dismissal of this action. The Court dismissed Plaintiff's claims raised on behalf of her brother without prejudice, and Plaintiff's remaining claims that she raised on her own behalf as frivolous (ECF 8, at 3-6), and Plaintiff argues nothing that would convince the Court to reverse such a dismissal. The Court therefore denies relief under Rule 59(e) and Local Civil Rule 6.3.

**C.   Application to appeal IFP**

Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." In its October 11, 2023 order and judgment, the Court certified, under Section 1915(a)(3), "that any appeal from [that] order [and judgment] would not be taken in good faith" (ECF 8 & 9), denying IFP status for the purpose of an appeal, *see* 28 U.S.C. § 1915(a)(3). Thus, because the Court has already decided that any appeal from the Court's October 11, 2023 order and judgment would not be taken in good faith, the Court denies Plaintiff's application to appeal IFP as moot.

## CONCLUSION

The Court construes Plaintiff's letter (ECF 10) and motion (ECF 11) as one timely filed motion seeking reconsideration relief under Local Civil Rule 6.3, and also seeking to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure, and the Court denies that motion. The Court also denies Plaintiff's application to appeal IFP (ECF 12) as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 30, 2023
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge